CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

November 19, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ E. Jones
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **LISA SPANGLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE BEAR STEARNS ASSET BACKED SECURITIES TRUST 2005-2, *et al.*,** | ) | **Civil Action No. 7:26-CV-00369** |
| | ) | **By: Hon. Robert S. Ballou United States District Judge** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Lisa Spangler brought this action in Roanoke City Circuit Court to challenge Defendants' authority to initiate a foreclosure sale of her residence located at Barrens Village Lane, Roanoke, Virginia, 24019 (the "Property"). Defendants U.S. Bank National Association, as trustee on behalf of the holders of the Bear Stearns Asset Backed Securities Trust 2005-2, Asset-Backed Certificate Series 2005-2 ("Current Mortgagee") and Select Portfolio Servicing, Inc. ("SPS"), with the consent of Defendant Commonwealth Trustees, LLC ("Commonwealth Trustees"), removed the action to this Court. Dkt. 1. Spangler moved to remand the action to state court for lack of diversity jurisdiction. Dkt. 7. Defendants Current Mortgagee and SPS filed a response in opposition to remand. Dkt. 14. All three Defendants also moved to dismiss the action, asserting that Spangler fails to state a claim, lacks standing, and is barred from pursuing her claim under the doctrine of res judicata[1]. Dkts. 10, 21.

[1] Spangler filed a motion for an expedited ruling citing a noticed foreclosure date of December 11, 2026 in Roanoke County. Dkt. 28. Because a hearing on the issues before the Court will not aid in the decisional process, I resolve the motions to dismiss on the pleadings filed and deny the motion for an expedited ruling as moot.

## I. Background

On March 9, 2005, Spangler and her husband executed a promissory note and deed of trust to obtain a $211,000.00 mortgage loan from Irwin Union Bank and Trust Company to purchase the Property. Dkt. 1-2 ¶ 10. The deed of trust named MERS – the common name for Mortgage Electronic Registration Systems, Inc. - as the beneficiary. *Id*. The promissory note and the deed of trust[2] provided that both instruments were transferable without notice to the Spanglers. *Id*. at 17; Dkt. 10-2 at 3–4.

The servicing and ownership of the loan have changed multiple times. Dkt. 1-2 ¶ 11. The Mortgage Defendants, SPS and Current Mortgagee, have each asserted the right to enforce the loan and the deed of trust. *Id*. In this case, U.S. Bank N.A., is a successor in interest to LaSalle Bank National Association, which serves as trustee, on behalf of the Prior Mortgagee, the holders of the Bear Stearns Asset Backed Securities Trust 2005-2, Asset-Backed Certificates, Series 2005-2. SPS as attorney-in-fact, appointed Commonwealth Trustees as substitute trustee under the deed of trust to effect the foreclosure on the Property.[3] Dkt. 1-2 Ex. B ¶ 4. Spangler

---

[2] This document is recorded in the Clerk's Office of Roanoke County. The Court may take judicial notice of items in the public record and consider those items in a Rule 12(b)(6) analysis. *See* Fed. R. Civ. P. 10(c); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). According to *Goines v. Valley Community Servs. Bd.*, the court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." 822 F.3d. 159, 166 (4th Cir. 2016) (citations omitted). A document is considered "integral to the complaint" "where the complaint relies heavily upon its terms and effect." *Id.* (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). The claims in this suit surround the assignment of Substitute Trustees under this deed of trust, the transfer of this deed of trust and Defendants' authority to enforce this deed of trust. Therefore, the Court considers the deed of trust in connection with this action.

[3] Spangler alleges that "[d]efendants appointed a substitute trustee in or about August 2022." Dkt. 1-2 ¶ 22. However, the appointment of substitute trustee that Spangler attaches to her complaint as exhibit B shows that Prior Mortgagee, who is not a defendant in this case, was the assigned beneficiary under the deed of trust that appointed Commonwealth Trustees. "Where a conflict exists between 'the bare allegations of the complaint and any attached exhibit, the

asserts that "[a]t the time of that appointment, Defendants represented that they possessed the authority to enforce the loan and to proceed with foreclosure remedies." *Id.* ¶ 12. Spangler alleges that communications from Defendants regarding foreclosure have raised questions as to whether they had the authority to proceed with foreclosure. *Id.* ¶ 13. Specifically, Spangler asserts that a letter from SPS in 2024 communicated to her that Current Mortgagee was the current noteholder, although the assignment from Prior Mortgagee to Current Mortgagee had not been recorded. *Id*; Dkt 1-2 Ex. C ¶ 9, 14. After foreclosure proceedings were initiated, the assignment of the deed of trust was recorded. Dkt 1-2 ¶ 15. Spangler alleges that the subsequent recording "demonstrate[s] that Defendants' basis for claiming the right to foreclose has changed over time and was not clearly established at the time critical foreclosure actions were undertaken." *Id.* ¶ 16.

Spangler has challenged actions related to attempted foreclosure of her property repeatedly. In September 2008, the Spanglers filed for Chapter 7 bankruptcy in the Federal Bankruptcy court for the Western District of Virginia. *In re Edward C. Spangler, Jr. and Lisa D. Spangler,* No. 08-71710 (Bankr. W.D. Va.) The bankruptcy court discharged the Spanglers from personal liability under the promissory note. *Id.* In October 2019, Spangler filed a civil action against Current Mortgagee, SPS, and several other defendants involved in the foreclosure proceedings. *See* State Court Complaint, *Spangler et al. v. U.S. Bank et al.*, 7:19-cv-00809 (W.D. Va. Dec. 5, 2019), Dkt. 1-1 ("*First Lawsuit*"). Defendants removed that action to federal court. *First Lawsuit*, Dkt. 1. The parties agreed to dismiss the case with prejudice. *First Lawsuit*, Dkts. 6–7. In October 2023, the Spanglers filed a petition for Chapter 13 bankruptcy, which was

exhibit prevails.'" *Wolf v. Fed. Nat. Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (quoting *United States ex rel. Constructors, Inc. v. Gulf Ins. Co.,* 313 F. Supp. 2d 593, 596 (E.D. Va. 2004).

dismissed without discharge. *In re Lisa D. Spangler,* No. 23-70710 (Bankr., W.D. 2023). In February 2024, Spangler filed a second civil lawsuit against Mortgage Defendants in state court. State Court Complaint, *Spangler v. U.S. Bank et al.*, 7:24-cv-00203 (W.D. Va. Mar. 22, 2023), Dkt. 1-1 ("Second Lawsuit"). Commonwealth Trustees was also named as a defendant in this suit. *Id.* The Defendants once again removed the action to federal court. *Second Lawsuit*, Dkt. 1. This Court ultimately dismissed the case without prejudice. *Second Lawsuit*, Dkt. 14.

In late 2024 and late 2025, Defendants removed two more cases filed in state court against Mortgage Defendants to this Court. Notice of Removal, *Spangler v. U.S. Bank et al.*, 7:24-cv-00835 (W.D. Va. Nov. 27, 2024), Dkt. 1 ("Third Lawsuit"); Notice of Removal, *Spangler v. U.S. Bank et al.*, 7:25-cv-00857 (W.D. Va. Nov. 24, 2025), Dkt. 1 ("Fourth Lawsuit"). While these cases were pending, Spangler filed again for Chapter 13 bankruptcy. *In re Lisa D. Spangler,* No. 25-71131 (Bankr. W.D. 2023). While her petition was ultimately dismissed, it had the effect of automatically staying the foreclosure sale of the Property. *Id.* Both the Third and the Fourth Lawsuit sought to enjoin Defendants from proceeding with foreclosure of Spangler's property, claiming that they lacked the authority to do so due to different alleged process violations. Amended Complaint, *Third Lawsuit*, Dkt. 23 ¶ 24 ("Plaintiff has seen no valid, recorded assignment demonstrating that [Defendant] owns the loan . . . [Defendant's] authority to enforce the debt is disputed."); *Fourth Lawsuit*, Dkt. 1¶ 15 ("[F]oreclosure sale is unlawful because Defendants failed to comply with mandatory conditions precedent required under federal law governing loss mitigation."). Because of their similarities, this Court consolidated the Fourth Lawsuit with the Third Lawsuit. *Third Lawsuit*, Dkt. 51. Acting on several dispositive motions, this Court dismissed the case with prejudice. *Third Lawsuit*, Dkts. 52–53.

In April 2026, Spangler filed this action related to the foreclosure of her home in the Circuit Court for Roanoke City. The case was removed to federal court and is now pending before this Court. In the instant Complaint, Spangler alleges that the timing of Defendants' recording of an assignment of the deed of trust raises a question as to the Defendants' authority to appoint a substitute trustee and initiate foreclosure. Dkts. 1-2 ¶¶ 23, 28.

Spangler seeks a declaration of the rights and obligations of the parties with respect to foreclosure, including whether Defendants possessed the requisite authority at the time they appointed the substitute trustee and initiated foreclosure. *Id.* ¶ 30. She asks that the court enter a Temporary Restraining Order, and upon hearing, a Preliminary and Permanent Injunction enjoining Defendants from proceeding with a foreclosure sale of the Property unless and until they establish lawful authority to do so. *Id.* ¶ 38. Spangler also requests that the Court grant equitable relief, award her costs, waive the bond requirement and award other relief that the Court deems just and proper. *Id.* at 13. Spangler moved to remand the case to state court for lack of diversity jurisdiction. Dkt. 7. Defendants Current Mortgagee and SPS filed motions in opposition. Dkt. 14. All defendants have moved to dismiss the case under the Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and because Spangler's claims are barred by the doctrine of res judicata. Dkts. 10, 21.

## II. Spangler's Motion to Remand

Federal courts are courts of limited jurisdiction. A defendant can remove a civil action to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). Congress has authorized federal courts to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Of course, diversity jurisdiction

"requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon*, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). A notice of removal is held to the same liberal pleading standard as a complaint and must only contain "a short and plain statement of the grounds for removal." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008); 28 U.S.C. § 1446(a). When removal is challenged, the party seeking removal bears the burden of demonstrating that federal jurisdiction is proper. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921). However, that burden is "no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg*, 519 F.3d at 200.

A. Complete Diversity

Spangler argues that complete diversity is lacking because Commonwealth Trustees has not adequately established that it is a citizen of Maryland, and because Current Mortgagee has not established the citizenship of its members. I disagree. The parties are completely diverse.

Spangler concedes that she is a citizen of Virginia. Dkt. 7 at 3. Commonwealth Trustees is a limited liability company with a single member who is a citizen of the State of Maryland. Dkt. 1 ¶ 20. The citizenship of an unincorporated entity is that of each of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). Spangler alleges that "Defendants provide no competent factual allegations identifying the members of Commonwealth Trustees, LLC, or their citizenship." Dkt. 7 at 3–4. I disagree. A notice of removal must contain only a short and plain statement asserting federal jurisdiction. 28 U.S.C. § 1446(a). In their Notice of Removal, Defendants assert that "Commonwealth Trustees is a Virginia limited liability company with a single member who is a citizen of the State of Maryland." Dkt. 1 ¶ 20. This is sufficient to assert

removal jurisdiction in the first instance. "[W]hen challenged, [the party seeking to invoke federal jurisdiction] must demonstrate the basis for federal jurisdiction." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008). Here, in response to Spangler's motion, Defendants provided a Declaration of Commonwealth Trustees, LLC, that affirms that it is a Virginia limited liability company with a single member, Diane Rosenberg, who is a citizen of Maryland. Dkt. 14-1 ¶ 2. Therefore, Defendants have properly demonstrated that Commonwealth Trustees, LLC, is a citizen of Maryland and therefore diverse from Spangler.

Although the motion is unclear, Spangler appears to challenge the citizenship of the underlying Trust in this action. Dkt. 7 at 4. Spangler correctly recites that, under *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), the citizenship of a business trust includes the citizenship of all trustees and beneficiaries. *Id*. But, *Americold* is inapplicable to this case. In *Americold*, the Supreme Court clarified the appropriate analysis to determine the citizenship of a trust. 577 U.S. at 383. However, the Supreme Court also reaffirmed its holding in *Navarro Savings Association v. Lee*, stating that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Id*. (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465–66 (1980)).

Applying this standard to the present case, Spangler initiated suit against Current Mortgagee, U.S. Bank as Trustee for the Bear Stearns Asset Backed Securities Trust 2005-2, Asset Backed Securities Certificate Series 2005-2. Because the suit is against the trustee in its own name, not against the Trust itself, Current Mortgagee's citizenship is all that matters for diversity jurisdiction. *In re A.H. Robins Co., Inc.*, 197 B.R. 575, 579 (E.D. Va. 1995) ("Where the parties suing or being sued are trustees of a trust, diversity jurisdiction depends upon the citizenship of the trustees as long as they may be characterized as the real parties in interest

under *Navarro*."). Current Mortgagee is a national banking association. Dkt. 1 ¶ 22(c). A national bank's citizenship is that of the state where its main office is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Current Mortgagee has its main office in Oregon, so it is a citizen of Oregon. Dkt. 1 ¶ 22(c). Defendant Current Mortgagee therefore is a citizen of Oregon.

Insofar as this Court has an independent obligation to ensure that subject matter jurisdiction exists, I find that SPS is also completely diverse. *See Hertz v. Friend*, 559 U.S. 77, 94 (2010). SPS is a corporation. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). SPS is incorporated in Utah and has its principal place of business in Utah. Dkt. 1 ¶ 21; Dkt. 1-4. Therefore, SPS is a citizen of Utah.

In short, Spangler, a citizen of Virginia, is completely diverse from Defendants. Commonwealth Trustees has met its burden to demonstrate that it is a citizen of Maryland. Defendants properly alleged, and Spangler did not challenge, that Current Mortgagee and SPS are citizens of Oregon and Utah, respectively. Therefore, the requirement of complete diversity is met.

B. Amount in Controversy

Spangler also argues that Defendants failed to establish that the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332(d). Dkt. 7 at 6. I disagree. Defendants have established valid jurisdiction under 28 U.S.C. § 1332.

If, as here, the complaint seeks nonmonetary relief, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). In the first instance, the notice of removal need only plausibly allege that the amount in controversy exceeds the jurisdictional threshold.

*Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014). If the amount in controversy is challenged, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 574 U.S. at 89. "[T]he amount in controversy is measured by the value of the object of litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (citations omitted). The Fourth Circuit applies the "either party" approach, which analyzes value of an injunction "by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (*overruled on other grounds by Qureshi v. Six Flags America LP*, 757 F. Supp. 3d 629, 634 n.1 (D. Md. 2024)); *Dixon v. Edwards*, 290 F.3d 699, 710–11 (4th Cir. 2002).

In this case, Spangler seeks "temporary restraint on foreclosure" to facilitate "judicial review of Defendants' authority to proceed with foreclosure." Dkt. 7 at 7. Defendants allege that they seek foreclosure sale of the property under the Deed of Trust to secure repayment of Spangler's $211,000.00 loan. Dkt. 1 ¶ 14. Spangler does not dispute this, but she argues that the amount in controversy is the value of the limited injunctive relief sought, not the value of the property itself. Dkt. 7 at 7. This Court previously held that when the plaintiff's request for declaratory relief asks the court to determine only "whether defendant owed plaintiffs the duty to conduct, or attempt to conduct, a face-to-face meeting with plaintiffs prior to commencing foreclosure," the value of the property was not the object of the litigation. *Mathews v. PHH Corp.*, No. 3:09-CV-00083, 2010 WL 3766538, at *6 (W.D. Va. Sept. 24, 2010). In this case, Spangler requests that this Court determine Defendants' authority to initiate foreclosure proceedings. Dkt. 1-2 at 14. Because foreclosure proceedings implicate the parties' rights to the property, the property itself is the object of the litigation. *See Creech v. Everbank*, 467 F. Supp

3d 425, 431 (E.D. Va. 2020) (explaining that where plaintiff sought relief preventing the foreclosure of her home, the amount in controversy was the value of the property); *Rehbein v. CitiMortgage, Inc,* 937 F. Supp. 753, 758-59 (E.D. Va. 2013) (using the value of a mortgage loan to satisfy the amount in controversy requirement in case where plaintiff sought an preliminary injunction enjoining defendants from initiating foreclosure). Therefore, the value of the loan or valuation of the property is the amount in controversy. In this case, Spangler admits that the value of the loan is $211,000.00. Dkt 1 Ex. A ¶ 10. Because this valuation is well in excess of the requisite amount in controversy, Defendants have established that diversity jurisdiction is proper in this case.

**III. Defendants' Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions, however, are not entitled to the same presumption of truth. *Id*. at 678; *Twombly*, 550 U.S. at 555 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action"). As Spangler proceeds *pro se*, her pleading is liberally construed, and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, a pro se plaintiff must "demonstrate more than a sheer possibility that a defendant has acted unlawfully" and "articulate facts that, when accepted as true, demonstrate he

has stated a claim entitling him to relief." *Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013) (internal quotation marks omitted).

Spangler argues that Defendants lack authority to initiate foreclosure on the Property, so the scheduled foreclosure was unlawful. Because the Complaint fails to state a claim, and Spangler is barred from litigating this issue under the doctrine of res judicata, the case is dismissed.

A. Merits

Spangler fails to state a claim upon which relief can be granted. She brings three counts, Count I: Wrongful Foreclosure, Count II: Declaratory Relief, and Count III: Injunctive Relief. She cannot prevail on her wrongful foreclosure claim because Virginia does not recognize a cause of action for wrongful foreclosure. Spanglers' request for declaratory relief challenges Defendants' authority to appoint Commonwealth Trustees and their authority to initiate foreclosure proceedings. Her challenge to the appointment of Commonwealth Trustees as substitute trustee fails because she lacks standing to attack the validity of the appointment; her challenge to Defendants' authority to foreclose fails because Defendants are not required to prove their authority to foreclose, and Spangler does not allege any facts that support a lack of authority. Spangler's request for injunctive relief is also unsuccessful. The remedy is improperly stated as a cause of action, and Spangler has not adequately pled any cause of action in which she is entitled to injunctive relief. Her argument for a Temporary Restraining Order fails because she has not shown a likelihood of success on the merits.

*1. Count 1: Wrongful Foreclosure*

Spangler asserts that "[u]nder Virginia law, a foreclosure sale may be joined where the party seeking to foreclose lacks authority or where the right to foreclosure is subject to a bona

fide dispute." Dkt. 1-2 ¶ 21. To the contrary, Virginia does not recognize a cause of action for wrongful foreclosure. *Hayes v. Fay Servicing*, LLC, No. 6:22-CV-00040, 2023 WL 2760429 (W.D. Va. Apr. 3, 2023), *aff'd*, No. 23-1962, 2024 WL 1193100 (4th Cir. Mar. 20, 2024); *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 857 (E.D. Va. 2016) *aff'd sub nom.*, 699 F. App'x 242 (4th Cir. 2017). Therefore, Spangler's claim for wrongful foreclosure is dismissed for failure to state a claim.

*2. Count 2: Declaratory Judgment*

Spangler also seeks declaratory relief to determine "whether Defendants possessed the requisite authority at the time they appointed the substitute trustee and initiated foreclosure proceedings." Dkt. 1-2 ¶ 28. Although the Complaint is vague, Spangler appears to assert that the appointment of Commonwealth Trustee as substitute trustee was done without lawful authority. *Id*. ¶ 12–13. As evidence, Spangler recites that in 2024, SPS informed her that there was no recorded assignment of the deed of trust, and that the assignment was recorded only after foreclosure proceedings began. *Id*. ¶ 14. Spangler asserts that "the timing of this recording raises a substantial question as to whether the assignment reflects a contemporaneous transfer of rights or instead constitutes a post hoc effort to memorialize or cure an alleged defect in authority." *Id*. ¶ 15. Construing the Complaint liberally, this request for relief raises two issues: (1) whether the appointment of Commonwealth Trustees was proper and (2) whether Defendants had the authority to initiate foreclosure proceedings.

a. Challenge to Appointment

Spangler lacks standing to challenge the appointment of Commonwealth Trustees as substitute trustees for the deed of trust. A plaintiff "generally must assert [her] own legal rights and interests and cannot rest [her] claim to relief on the legal rights or interests of third parties."

*Warth v. Seldin*, 422 U.S. 490, 499 (1975). "In Virginia, to sue on a contract one must be a party to or beneficiary of the contract." *Wolf*, 512 F. App'x at 342. Because Spangler was not a party to the appointment or a beneficiary of the appointment, she lacks standing to attack the validity of the appointment. *See Morrison v. Wells Fargo Bank, N.A.* 30 F. Supp. 3d 449, 454 (E.D. Va. 2014) ("Plaintiff has not alleged that he is a party, intended beneficiary nor had any direct involvement in the Appointment of Substitute Trustee execution. Without an enforceable contract right, Plaintiff lacks standing to attack the validity of the appointment."). Therefore, insofar as Spangler seeks declaratory relief adjudicating the propriety of the appointment, her claim for declaratory relief is dismissed.

b. Challenge to Authority to Initiate Foreclosure Proceedings

Spangler claims that there is at least a possible deficiency with the "chain of authority" to foreclose the Property. Dkts. 1–2 ¶ 16. She alleges that Defendants may have lacked authority to begin foreclosure proceedings when they did and seeks a declaration as to whether Defendants possessed the requisite authority to initiate foreclosure. *Id.* ¶¶ 27–28. Spangler also seeks to "enjoin the foreclosure sale until Defendants can establish, through competent evidence, that they possessed lawful authority" to foreclose. *Id.* ¶ 25.

However, Defendants do not have to prove their authority to foreclose. Under Virginia law, a noteholder is not "required to come to a court of law and prove its authority or standing to foreclose on a secured property." *Gallant v. Duetsche Bank Nat. Trust Co.,* 766 F. Supp. 2d 714, 721 (W.D. Va. 2011). Likewise, "a nominal beneficiary or a substitute trustee, for the same reason, should not be required to prove in court that it has the noteholder's authority." *Hien Pham v. Bank of New York,* 856 F. Supp. 2d 804, 812 (E.D. Va. 2012) (finding that there was no "glimmer of hope" for claims against a nominal beneficiary and a substitute trustee for assigning

a deed of trust and initiating foreclosure without authority). Requiring Defendants to prove their authority to initiate foreclosure would be "contrary to Virginia's non-judicial foreclosure laws." *Zambrano v. HSBC Bank USA, Inc.,* No. 01:09–cv–996, 2010 WL 2105164, at *6 (E.D. Va. May 25, 2010); Va. Code § 55.1-321.

Setting this aside, Spangler fails to plead facts sufficient to support her claim that Defendants may have lacked authority to initiate foreclosure proceedings. The only factual assertion that Spangler makes to support her claim is that Defendants initiated foreclosure proceedings in 2022, admitted in 2024 that no recorded assignment of the deed of trust existed, and subsequently recorded an assignment of the deed of trust. Dkt. 1-2 ¶¶ 33–34. However, recording an assignment of a deed of trust is optional. "[P]arties may elect to record [assignments of deeds of trust] in the land records, but their failure to do so does not undermine the transaction in any way." *Horvath v. Bank of New York, N.A.*, 641 F. 3d 617, 662 (4th Cir. 2011); Va. Code § 55-336. Defendants' authority to foreclose is not undermined by the assertion that they initiated foreclosure proceedings before an assignment of the deed of trust was recorded because this process is not required to obtain authority to foreclose. Spangler does not allege any other facts that would support the claim that Defendants did not have the authority to initiate foreclosure proceedings when they did. Spangler's claim for declaratory relief as to Defendants' authority to proceed with foreclosure is therefore dismissed.

3. *Count 3: Injunctive Relief*

In Count III, Spangler seeks injunctive relief to prevent Defendants from continuing the foreclosure of her home. Dkt 1-2 ¶¶ 31–38. "Injunctive relief is a remedy, not a cause of action." *Blankenship v. Consolidation Coal Co.*, 850 F.3d 630, 640 (4th Cir. 2017). Therefore, "it is improper to frame a request for an injunction as a separate cause of action." *Bloch v. Exec. Off.*

*Of the President,* 164 F. Supp 3d 841, 862 (E.D. Va. 2016) (quoting *Dwoskin v. Bank of Am.*, 850 F. Supp. 2d 557, 573 (D. Md. 2012)) (dismissing count pro se plaintiff's complaint seeking injunctive relief because "a remedy should not be pled as a cause of action"). However, courts have allowed a claim for injunctive relief to survive dismissal where a plaintiff successfully pleaded other causes of action for which injunctive relief could be a remedy. *Dwoskin*, 850 F. Supp. 2d at 573.

Spangler's request for the remedy of injunctive relief is improperly stated as a cause of action, and she has not adequately pled any cause of action in which she is entitled to injunctive relief. *See id*. This claim is therefore dismissed.

4. *Argument for Temporary Restraining Order*

Spangler makes a separate argument for a temporary restraining order. Dkt 1-2 ¶¶ 39–57. In order to qualify for this "extraordinary remedy," Spangler must demonstrate (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20, 24 (2008); *see also Morgensen v. Welch,* 707 F. Supp. 3d 604, 609 (W.D. Va. 2023) (establishing the standard for granting a temporary restraining order or preliminary injunction is the same). "Moreover, 'Winter made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief.'" *Morgensen*, 707 F. Supp. 3d at 609 (quoting *Henderson ex rel. NLRB v. Bluefield Hosp. Co*., 902 F.3d 432, 439 (4th Cir. 2018)).

The first factor is the likelihood of success on the merits. Proving a likelihood of success requires a greater showing than surviving a motion to dismiss. *J.O.P. v. U.S. Dep't of Homeland Sec.,* 338 F.R.D. 33, 60 (D. Md. 2020) ("[M]erely providing sufficient factual allegations to meet

the Fed. R. Civ. P. 12(b)(6) standard of *Twombley* and *Iqbal* does not show a likelihood of success on the merits."). Here, for the reasons stated above, Spangler is not likely to succeed on the merits because she fails to state a claim. Since this factor is not satisfied and each *Winter* factor must be satisfied for a preliminary injunction to be granted, this request for a preliminary injunction fails.

B. Res Judicata

Dismissal is also proper under the doctrine of res judicata. "Stated simply, res judicata operates to prevent a party from getting a 'second bite of the apple' with respect to wrongs arising from a single dispute." *Bennett v. Garner,* 913 F.3d 436, 440 (4th Cir. 2019) (citation omitted). A federal court sitting in diversity applies the law of the state in which it sits to determine if res judicata applies. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). By reference to federal common law, state law also applies in determining the res judicata effect of a prior dismissal by a federal court sitting in diversity. *Hatley v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019) ("'[F]ederal common law governs the claim-preclusive effect of a dismissal' of the state law claim by the federal court. The federal preclusion rule in such cases is to apply 'the law that would be applied by state courts in the State in which the federal diversity court sits.'" (quoting *Semtek*, 531 U.S. at 508–09). Since 2006, res judicata in Virginia is governed by Virginia Supreme Court Rule 1:6, which states,

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Va. Sup. Ct. R. 1:6(a). Rule 1:6(d) clarifies that "[f]or the purposes of this Rule, party or parties include all named parties and those in privity." Va. Sup. Ct. R. 1:6(d). Res judicata is an affirmative defense, so it should only be decided on a motion to dismiss when its applicability is clear from the face of the complaint. *Barnwell v. Ark Land, LLC*, 547 F. Supp. 3d 526, 533 (W.D. Va. 2021).

The 'judgement on the merits' res judicata requirement is clearly fulfilled in this case. "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties." *Alexander v. Cobb*, 838 S.E.2d 227, 231 (Va. 2020) (citing *Storm v. Nationwide Mut. Ins. Co.*, 97 S.E.2d 759, 761 (Va. 1957)). This is Spangler's fifth attempt to obtain relief from foreclosure proceedings through litigation. Her First, Third, and Fourth Lawsuits were each dismissed with prejudice. Generally, "a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." *Reed v. Liverman*, 458 S.E.2d 97, 100 (Va. 1995) (citing *Virginia Concrete Co. v. Board of Supervisors*, 91 S.E.2d 415, 418 (Va. 1956)). Therefore, because dismissal with prejudice in three prior lawsuits constitutes adjudication on the merits, the first res judicata requirement is met.

Spangler's claim in this suit arises out of the same "conduct, transaction or occurrence" as her Third and Fourth lawsuits. Va. Sup. Ct. R. 1:6(a). To determine what constitutes a single transaction or occurrence for the purpose of res judicata, Virginia courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Funny Guy, LLC v. Lecego, LLC,* 795 S.E.2d 887, 897 (Va. 2017) (quoting Restatement (Second) of Judgments § 24(2)). These factors should be considered

"pragmatically," and "it does not matter that the claimant 'is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action.'" *Id.*

Each factor points towards res judicata barring this claim. Here, Spangler's claims are related in "time" and "space" to her previous action, as the different claims reflect a single underlying dispute about the foreclosure proceedings of a single property. The "origins" and "motivation" for the claims are the same as well — Spangler wants to prevent foreclosure of her home. These cases would form a convenient trial unit as, while different theories have been asserted in different cases, they form a "single factual narrative," all involving facts about the mortgage loan. *Funny Guy, LLC*, 795 S.E.2d at 897. The final factor, whether treatment as a unit conforms to parties' expectations or business understanding, is also satisfied. The claims involve the same property, mortgage, deed of trust and requested relief. Parties would not expect challenges to a single foreclosure to be separated into multiple lawsuits as most litigants would view these cases as arising out of a "natural grouping or common nucleus of operative facts." *Id.* (quoting Restatement (Second) of Judgments § 24 cmt. B). These claims rise out of the same transaction or occurrence as Spangler's Third and Fourth lawsuits.

Finally, "[o]ne of the fundamental prerequisites to the application of the doctrine of res judicata is that there must be an identity of parties between the present suit and the prior litigation asserted as a bar." *Leeman v. Troutman Builds, Inc.,* 530 S.E.2d 909, 911, (Va. 2000) (citation omitted). Mortgage Defendants were defendants in Spangler's Third and Fourth Lawsuits which arose from the same transaction or occurrence and were dismissed with prejudice. Res judicata clearly applies in this case as to these defendants. Commonwealth Trustees, however, was named as a defendant in Spangler's Second Lawsuit, which did arise out

of the same transaction or occurrence, but which was dismissed without prejudice. For res judicata to bar the claims in this suit against Commonwealth Trustees, then, Commonwealth Trustees must be in privity with one of the defendants in Spangler's Third or Fourth Lawsuits. "The touchstone of privity for purposes of res judicata is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *State Water Control Bd. v. Smithfield Foods, Inc.*, 542 S.E.2d 766, 769 (Va. 2001) (citations omitted). While there is no single definition of privity, "Virginia courts typically find privity when the parties share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership." *Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust,* 833 F.Supp. 2d 552, 558 (E.D. Va. 2011).

Here, Commonwealth Trustees was appointed by SPS as attorney-in-fact for Current Mortgagee as substitute trustee to the deed of trust in 2022. Dkt. 1-2 Ex. B. Courts have found that "in mortgage cases, the network of privity extends to include all of the relevant parties in the chain of foreclosure." *Palacios v. Specialized Loan Servicing, LLC,* No. 1:17–cv–672, 2017 WL 4484261, at *3 (E.D. Va. Sept. 12, 2017). Specifically, "lenders, noteholders and trustees of [a] mortgage" are all in privity for the purpose of res judicata. *Biggers v. Wells Fargo, N.A.,* No. 3:16-cv-431, 2017 WL 465855, at *4 (E.D. Va. 2017). Since Commonwealth Trustees is in privity with U.S. Bank, Spangler's claims against Commonwealth Trustees are barred for res judicata as well.

## IV. Conclusion

As there is complete diversity between the parties and the amount in controversy exceeds $75,000, Spangler's motion to remand is **DENIED**. Having established that jurisdiction is proper, I also find that Spangler's claims must be dismissed. First, Spangler fails to state a claim

upon which relief can be granted. Her claim for wrongful foreclosure fails because Virginia does not recognize cause of action for wrongful foreclosure. She lacks standing and fails to plead sufficient facts to support her challenges to Defendants' authority to appoint a substitute and initiate foreclosure proceedings. Spangler has not adequately pled any cause of action in which she is entitled to injunctive relief, and her argument for a Temporary Restraining Order fails because she has not shown a likelihood of success on the merits. Second, Spangler's claims are barred by res judicata, as they arise from the same conduct, transaction, or occurrence as a previous lawsuit decided on the merits by a final judgment against the same opposing parties, or those in privity with them. Therefore, Defendants' motion to dismiss is **GRANTED** with prejudice. An appropriate order will follow.

It is so **ORDERED**.

Entered: November 19, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge